IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.          Case No. 18-10171-2-JWB

VICKY EWING,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to reduce sentence (Doc. 154). The government has filed a response in opposition. (Doc. 156.[1]) Defendant's motion is DENIED for the reasons set forth herein.

**I.    Facts and Procedural History**

On June 17, 2019, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant pleaded guilty to a charge of conspiracy to distribute methamphetamine. (Doc. 71.) In her plea petition, Defendant admitted to possessing 50 grams or more of methamphetamine with an intent to distribute. (Doc. 70 at 2.) In the agreement, the parties proposed a sentencing range of 120 to 156 months imprisonment. The Presentence Investigation Report (PSR) showed that Defendant worked with a number of other individuals to obtain and distribute methamphetamine throughout the Wichita, Kansas area. (Doc. 89 at 7-18.) The PSR reflected that Defendant was held accountable for 7,111.30 kilograms of converted drug weight, resulting in a base offense level of 32. (*Id.* at 18-19.) Defendant also has a significant criminal history, including several prior drug

---

[1] Defendant did not file a reply brief and the time for doing so has now passed.

convictions and numerous other convictions. (*Id.* at 19-27, ¶¶ 106, 107, 115, 116, 117, 119, 121.) Defendant's criminal history score was 20, resulting in a criminal history category of VI.

The calculated sentencing range under the guideline provisions was 151 to 188 months. (*Id.* at 36.) On September 17, 2019, the undersigned accepted the parties' plea agreement and sentenced Defendant to 132 months imprisonment. (Doc. 93.) According to the government, Defendant's earliest possible release date is May 17, 2027. (Doc. 156 at 2.)

On January 3, 2023, Defendant filed a motion for compassionate release arguing that release is warranted given her age, serious health conditions, the spread of COVID-19 within the BOP, and her efforts at rehabilitation. Defendant's health conditions include a previous COVID infection, an aortic aneurysm, high blood pressure, hepatitis C, and arthritis.[2] (Doc. 154 at 2.) The government opposes the motion.

**II.     Analysis**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons warrant such a reduction...." Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file her own motion for reduction

---

[2] The government has identified other medical concerns, including gastro-esophageal reflux disease, osteoarthritis, PTSD, bipolar disorder, hyperlipidemia, hypertension, hypermetropia, presbyopia, bradycardia, and asthma. (Doc. 156 at 8.)

after she "has fully exhausted[3] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.* With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno,* 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

Concerning the first requirement, Defendant argues that her age (67), significant health conditions, the COVID-19 pandemic, and her rehabilitation efforts constitute extraordinary and compelling circumstances that justify a sentence reduction to time served. The government does

---

[3] The government concedes that Defendant has exhausted her administrative remedies here. (Doc. 156 at 4.)

not dispute that Defendant's health conditions meet this standard.  The court finds it unnecessary to determine whether Defendant's health conditions and age rise to the level of extraordinary and compelling circumstances because a sentence reduction is not consistent with the sentencing factors in 18 U.S.C. § 3553(a).

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in § 3553(a).  *McGee*, 992 F.3d at 1042.  Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a).

Although Defendant recognizes the severity of her crimes, Defendant argues that she has completed several courses, is over 65 years old, has severe health conditions, and has realized the error of her ways.  Defendant's conduct while incarcerated is commendable.  However, this conduct is outweighed by the criminal conduct discussed herein.  Defendant was involved in a significant drug distribution conspiracy and Defendant has had repeated convictions involving drugs.  Significantly, Defendant was sentenced for her crime less than four years ago and Defendant already obtained a below guideline sentence due to her plea bargain with the government.  Defendant fails to persuade the court that an eleven-year sentence entered less than four years ago should be reduced to time served.

First, Defendant argues that she should be released due to her advanced age.  Based on the PSR, it is clear that Defendant has been engaging in criminal conduct for decades including when she was over the age of 60.  This argument is not persuasive.  With respect to her health issues, Defendant has not shown that she is not receiving adequate health care while incarcerated.  Defendant also raises the issue of COVID-19.  However, Defendant has not shown that BOP has

been unable to care for her alleged lingering COVID-19 symptoms. Defendant's exhibits attached to her motion show that she is receiving medical care during her incarceration. Defendant's general assertion that the BOP is unable to provide adequate medical care is not supported by the record.

Although the court is sympathetic to Defendant's medical conditions and related health concerns regarding the COVID-19 pandemic, her criminal conduct involved a large scale drug distribution and she has a significant criminal history. Reducing Defendant's sentence to time served would not reflect the seriousness of her criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment.

After reviewing Defendant's submissions, the court finds that the imposed 132-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

**III.   Conclusion**

Defendant's motion to reduce sentence (Doc. 154) is DENIED.

IT IS SO ORDERED. Dated this 1st day of February, 2023.

                                                      s/ John W. Broomes
                                                      JOHN W. BROOMES
                                                     UNITED STATES DISTRICT JUDGE