IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 18-10171-2-JWB

VICKY EWING,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reduce sentence. (Doc. 158.) The motion is fully briefed and ripe for decision. (Docs. 159, 160.) The motion is DENIED for the reasons stated herein.

**I.**      **Facts and Procedural History**

On June 17, 2019, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant pleaded guilty to a charge of conspiracy to distribute methamphetamine. (Doc. 71.) In her plea petition, Defendant admitted to possessing 50 grams or more of methamphetamine with an intent to distribute. (Doc. 70 at 2.) In the agreement, the parties proposed a sentencing range of 120 to 156 months imprisonment. The Presentence Investigation Report (PSR) showed that Defendant worked with a number of other individuals to obtain and distribute methamphetamine throughout the Wichita, Kansas area. (Doc. 89 at 7–18.) The PSR reflected that Defendant was held accountable for 7,111.30 kilograms of converted drug weight, resulting in a base offense level of 32. (*Id.* at 18–19.) Defendant also has a significant criminal history, including several prior drug convictions and numerous other convictions. (*Id.* at 19–27, ¶¶ 106, 107, 115, 116, 117, 119, 121.) Defendant's criminal history score was 20, resulting in a criminal history category of VI.

The calculated sentencing range under the guideline provisions was 151 to 188 months. (*Id.* at 36.) Defendant filed a sentencing memorandum which argued for a sentence in accordance with the parties' agreement and was based in part on Defendant's age (64) and her mental health conditions. (Doc. 91.) On September 17, 2019, the undersigned accepted the parties' plea agreement and sentenced Defendant to 132 months imprisonment. (Doc. 93.) Defendant is currently incarcerated at the Federal Medical Center ("FMC") in Carswell.

On January 3, 2023, Defendant filed a motion for compassionate release arguing that release was warranted given her age, serious health conditions, the spread of COVID-19 within the BOP, and her efforts at rehabilitation. Defendant's health conditions include a previous COVID infection, an aortic aneurysm, high blood pressure, hepatitis C, and arthritis.[1] (Doc. 154 at 2.) The court denied the motion, finding that the statutory sentencing factors did not support a sentence reduction. (Doc. 157.) Defendant did not file an appeal.

On March 25, 2024, Defendant filed a second motion for compassionate release. Defendant argues that her sentence should be reduced to time served or, alternatively, reduced to a term determined by the court due to the "inadequate and untimely provision of medical care" and an amendment to the sentencing guidelines. (Doc. 158 at 1–2.) Alternatively, she asks the court to transfer her to home confinement. The government opposes the motion. In support of her motion, Defendant submitted some medical records. (Doc. 158.) The government forwarded Defendant's recent medical records to chambers for this court's review.

**II.    Standard**

Defendant moves for a sentence reduction under § 3582(c)(1)(A). Under that statute, a sentencing reduction is allowed when "extraordinary and compelling reasons warrant such a

---

[1] The government identified other medical concerns, including gastro-esophageal reflux disease, osteoarthritis, PTSD, bipolar disorder, hyperlipidemia, hypertension, hypermetropia, presbyopia, bradycardia, and asthma. (Doc. 156 at 8.)

2

reduction . . . ." *Id.* Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file her own motion for reduction after she "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Exhaustion is mandatory. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted her claim[2] and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*.

### III.  Analysis

#### A. Amendment

First, Defendant argues that a change to the guidelines would impact how her criminal history points were calculated. Section 3582 allows for a possible sentence reduction for a

---

[2] Defendant has exhausted her administrative remedies here.

3

defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended some provisions in the United States Sentencing Guidelines to be effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Defendant argues that there was a change in the guidelines to U.S.S.G. § 4A1.2(e), which pertains to the time period for prior offenses. Defendant argues that her prior offenses in 1993, 2000, and 2002, were improperly included in the criminal history points because § 4A1.2(e) stipulates that an offense is not counted if the prior sentence was imposed more than ten years ago. (Doc. 160 at 12.) Contrary to Defendant's assertion, § 4A1.2(e) was not amended in November 2023. Further, Defendant has failed to include the entirety of § 4A1.2(e). It provides as follows:

> (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
> (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.
> (3) Any prior sentence not within the time periods specified above is not counted.

*Id.*

Reviewing the PSR, Defendant was not awarded any criminal history points for a conviction in 1993. (Doc. 89 at 20–21.) Defendant was awarded three points for a felony conviction of forgery in July 2000. According to the PSR, she was sentenced to 28 months for that conviction. (*Id.* ¶ 112.) Defendant was placed on probation, but the probation was later revoked. Ultimately she served her sentence at the Kansas Department of Corrections until April 1, 2004. The criminal conduct in this matter began as early as June 14, 2018. (Doc. 71 at 2.) Therefore, this prior conviction was properly counted in her criminal history as she was serving

4

her sentence within fifteen years of the offense in this matter. § 4A1.2(e)(1). The PSR does not reflect a prior conviction which occurred in 2002.

Defendant's motion for release on the basis that there was a change in the sentencing guidelines is denied.

### B. Compassionate Release

Defendant argues that inadequate health care during her confinement warrants compassionate release. It is clear from Defendant's submission and the medical records that Defendant suffers from a significant number of health concerns. (Doc. 158 at 8–9.) Defendant also asserts that the number of years already served and her rehabilitation support a finding of extraordinary and compelling circumstances.[3] The government contends that Defendant has been provided adequate medical care while incarcerated but "does not contest that the defendant suffers from medical concerns that are contemplated" by the policy statement issued by the Sentencing Commission. (Doc. 159 at 9.) The court will proceed directly to the sentencing factors in 18 U.S.C. § 3553(a) as those are dispositive here.

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in § 3553(a). *McGee*, 992 F.3d at 1042. Some of the sentencing factors include the nature and circumstances of the offense; the history and characteristics of Defendant; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Although Defendant recognizes the severity of her crimes, Defendant asserts that she has been harmed due to untimely and inadequate medical and mental health care while she has been

---

[3] Defendant further argues that she has suffered a "sentencing disparity" due to the improper inclusion of certain convictions. That argument, however, lacks merit for the reasons stated herein.

incarcerated. (Doc. 159 at 2.) Defendant argues that the BOP and FMC Carswell have failed to diagnose, inform, and treat her for life-threatening medical conditions. (Doc. 160 at 6.) The court has reviewed Defendant's medical records provided by the government. The records show that she is receiving medical care, including several recent visits to providers to determine whether she can go ahead with a surgical procedure. Further, Defendant is currently incarcerated in a medical facility. While Defendant may disagree or contend that the BOP or the institution and its providers have been negligent and violated her constitutional rights, such allegations are not appropriate in a motion under § 3582. *See United States v. Hall*, No. CR 06-20162-01-KHV, 2023 WL 2140154, at *4, n.5 (D. Kan. Feb. 21, 2023), *appeal dismissed*, No. 23-3061, 2023 WL 7117302 (10th Cir. Aug. 22, 2023) (citing *United States v. Lougee*, No. 14-20068-05-DDC, 2022 WL 2064893, at *2 (D. Kan. June 8, 2022)). "A separate timely civil action can more readily assess the validity of such claims and provide any necessary relief." *Id.* Notably, the record provided does not indicate that Defendant has filed any grievances with FMC Carswell regarding her lack of medical care, medication, or treatments.

Further, the court notes that it has already considered Defendant's age and other medical concerns when fashioning a sentence. The record clearly shows that those issues were raised and argued at sentencing. (Doc. 91.) Therefore, her age and health concerns, which are clearly significant, do not provide a basis for this court to depart from its previously imposed sentence. As this court said in a prior order, her criminal conduct is clearly outweighed by her current circumstances. Defendant was involved in a significant drug distribution conspiracy and Defendant has had repeated convictions involving drugs. Defendant already obtained a below guideline sentence due to her plea bargain with the government, her advanced age, and other health concerns.

Although the court is sympathetic to Defendant's medical conditions and related health concerns, her criminal conduct involved a large scale drug distribution and she has a significant criminal history. Reducing Defendant's sentence to time served or reducing her sentence from her previously imposed sentence would not reflect the seriousness of her criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment. Defendant also asks the court to transfer her to home confinement. (Doc. 158 at 2.) The court lacks authority to order home confinement. *See United States v. Beasley*, No. 23-3056, 2023 WL 6861809, at *2 (10th Cir. Oct. 18, 2023).

After reviewing Defendant's submissions, the court finds that the imposed 132-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

### IV.  Conclusion

Defendant's motion to reduce sentence (Doc. 158) is DENIED.

IT IS SO ORDERED.  Dated this 20th day of May, 2024.

                                                 s/ John W. Broomes
                                                 JOHN W. BROOMES
                                                 UNITED STATES DISTRICT JUDGE