IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                         Case No. 18-10171-2-JWB

VICKY EWING,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to reduce sentence. (Doc. 162.) The motion is fully briefed and ripe for decision.[1] (Doc. 163.) The motion is DISMISSED for failure to exhaust her administrative remedies.

**I.      Facts and Procedural History**

On June 17, 2019, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant pleaded guilty to a charge of conspiracy to distribute methamphetamine. (Doc. 71.) In her plea petition, Defendant admitted to possessing 50 grams or more of methamphetamine with an intent to distribute. (Doc. 70 at 2.) In the agreement, the parties proposed a sentencing range of 120 to 156 months imprisonment. On September 17, 2019, the undersigned accepted the parties' plea agreement and sentenced Defendant to 132 months imprisonment. (Doc. 93.) Defendant is currently housed at a residential reentry center in Wichita, Kansas.

On January 3, 2023, Defendant filed a motion for compassionate release arguing that release was warranted given her age, serious health conditions, the spread of COVID-19 within the BOP, and her efforts at rehabilitation. (Doc. 154.) The court denied the motion, finding that

---

[1] Defendant has not filed a reply and the time for doing so has now passed.

1

the statutory sentencing factors did not support a sentence reduction. (Doc. 157.) Defendant did not file an appeal. On March 25, 2024, Defendant filed a second motion for compassionate release arguing that her sentence should be reduced to time served or, alternatively, reduced to a term determined by the court due to the "inadequate and untimely provision of medical care" and an amendment to the sentencing guidelines. (Doc. 158 at 1–2.) The court denied the motion. Defendant did not file an appeal.

On July 18, 2025, Defendant filed another motion for compassionate release due to her current medical conditions, which include liver cancer and cirrhosis of the liver. The government opposes the motion.

## II.     Standard

Defendant moves for a sentence reduction under § 3582(c)(1)(A). Under that statute, a sentencing reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* Prior to 2018, that section only authorized the Director of the Bureau of Prisons ("BOP") to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file her own motion for reduction after she "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Exhaustion is mandatory. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

## III.    Analysis

The government contends that Defendant's motion must be dismissed because she failed to exhaust her administrative remedies. Based on the motion, it is clear that Defendant did not file

a request with the BOP prior to filing her motion with the court. (Doc. 162 at 3.) Defendant noted that she did not submit a request with the warden because she is in a "federal halfway house." (*Id.*) The statute, however, requires that Defendant file a request with the "warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Warden is defined by the BOP as "the chief executive officer of ... any federal penal or correctional institution or facility." 28 C.F.R. § 500.1(a). As Defendant continues to be in BOP's custody, she was required to exhaust her claim by filing a request with the chief executive officer of the residential reentry center. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

Because the exhaustion requirement is a mandatory condition that has been properly invoked by the government, the court must dismiss Defendant's § 3582(c)(1)(A) motion without prejudice to filing a new one if and when she exhausts her administrative remedies.

**IV.     Conclusion**

Defendant's motion to reduce sentence (Doc. 162) is DISMISSED.

IT IS SO ORDERED.  Dated this 21st day of August, 2025.

__s/ John W. Broomes_____<br>
JOHN W. BROOMES<br>
UNITED STATES DISTRICT JUDGE